UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS          DOCKET NO.


**USMS SCREENED**

SONY VILBON
  Defendant,



v.

COMMONWEALTH OF MASSACHUSETTS
          Plaintiff

## NOTICE OF REMOVAL

### INTRODUCTION

Pursuant to Title 18, U.S.C., Section 242 Deprivation of Rights under Color of Law

(federal question jurisdiction),  28 U.S.C. section 1455 and 42 USC section 1983, I, the

defendant Sony Vilbon, who have been arraigned and charged of two counts of felony, of which

the Complainant Officer Marc Birritteri and the Commonwealth of Massachusetts unlawfully

requested to amend count 1, and which the Chelsea District Court Clerk's office and Justice

Matthew J. Machera unjustly allowed before and during the arraignment, file and serve this

Notice of Removal of this Action, from the Chelsea Massachusetts District Court, to the United

States District Court for the district of Massachusetts. This Notice of Removal is referenced by

the documents filed in the Chelsea District Court and the Massachusetts Supreme Judicial Court

for the Suffolk County, Docket Entries, police narrative, police arrest report, application for

criminal complaint and two copies of complaints and so forth.

I.      **The United States, pursuant to deprivation of rights under color of law, has Original
        Jurisdiction in this Matter.**



1

I, the Defendant Sony Vilbon, request this matter to be removed from the Chelsea Massachusetts District Court on the grounds the deprivation of rights under color of law exists between the Plaintiff Commonwealth of Massachusetts and me. Jurisdiction in this court is proper pursuant to Title 18, U.S.C., Section 242,  28 U.S.C. section 1455 (b) (1) and Title 42 USC section 1983, which states:

> Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also done without and beyond the bounds of their lawful authority; provided in order for unlawful acts of any official to done under "color of any law", the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc. persons who are bounds by laws, statutes, ordinance, or customs.

> A notice of removal of a criminal prosecution shall be filed no later than 30 days after the arraignment in the state, or at any time before trial, whichever is earlier.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

the Complainant Marc Birritteri stated in his narrative that I mentioned he would shoot me in the head because I am a black man and declared I made threats to shoot the police and to get the Black Lives Matter Organization to protest to the city (Brief App. 9 paragraph 11-14), and violated the 1st amendment (freedom of expression),  4th amendment (privacy right)and the procedural due of process of the 5th and the 14th amendment by stopping me to file a report on November 16, 2021 via a 911 telephone call and at the police station; forcing self-incrimination, failing to notice me of the charges before the arraignment, especially the unspecified firearm and hands and feet etc., which I have never used to shove Maria in the shoulder, and by allowing a restraining order and so forth. Thus states the 4th amendment of U.S. Constitution:

the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Therefore, Officer Birritteri has no right to declare I used an unspecified firearm to shove the plaintiff and to charge me with two counts of felony, for the fact that I am protected by the 4th amendment, my right to be secure as a person, the room I rented from the plaintiff, papers and effects and the property search by officer Mike Dercollo did not indicate unspecified firearm, which the complainant added to the police arrest and application for criminal complaint.

The charges the Commonwealth of Massachusetts filed in the Chelsea District Court against me including count assault and battery on family/household member and assault and battery on a pregnant woman pursuant to G.L. c. 265 section 13M (a) and 265 section 13A (b), before it unlawfully deprived me of my liberty and the room I rented, as property interest, are unbelievable. Additionally, another unnamed Complainant of the Revere Police Department and a clerk magistrate, or assistant clerk signed under oath the complaint, which I received from a Hispanic lady on January 16, 2021, after I told her that I would not accept the unanimous and unsigned copy of police complaint she previously gave me after I request it, and which has shielded the accusation of Officer Birritteri of declaring I used an unspecified firearm to shove the Plaintiff Maria Beatriz Guadardo Leiva in the shoulder. (APP. 20-21, notice to defendant 42 US.C 3796gg-4(e)). Neither officer Birritteri's narrative, the property searched by Officer Mike Dercolo, nor the Plaintiff's statement during the arraignment described the finding of an unspecified firearm, and when Justice Machera said to the plaintiff: so ma' am in addition to the assault I just heard, has he been violent or threatening toward you before, she vaguely answer no. I think he is violent he needs help. He has been violent in the past, but this was only today, on this occasion he hit me. He pushed me. (APP. 9, 10, 12, 39 line 22-24,). Thereby, establishing

original jurisdiction with this court, and making this case removable to the United States District Court.

**II.      Removal of This Action is Proper on The Grounds The Chelsea District Court was Not Impartially in Issuing two Complaints to Two Police Officers And in Omitting to Enter on The Docket of the Case The Documents, Which I Filed Electronically.**

The Chelsea District Court issued two complaints to two Officers of the Revere Police Department, one those complaints is anonymous which was supposed to be signed by Officer Barrister, who is the Complainant in this case in accordance to the Application for Criminal Complaint dated on November 17, 2020, the other was signed by an unknown police officer and anonymous clerk magistrate or assistant clerk, the same date. (APP. 8, 20, 21). Noted the signature of the complainant under oath, before an appropriate judicial officer, is required, and the appropriate Judicial Officer shall not authorize a complaint unless the information presented by the complainant establishes probable cause to believe that the person against whom the complaint is sought committed an offense. (APP. 8, 20, 21). There was no probable cause, but that Judicial Officer authorized that complaint which indicated I shoved the plaintiff in the shoulder and utilized my hands, feet, etc. as personal weapons and an unspecified firearm, and which rule 3(g) (1), (2) of Mass.R.Civ.P prohibits. (APP. 8, 16).

It is impossible for me to utilize those "sort of" weapons in shoving the plaintiff in the shoulder, without having any damages done to her to the point she refused to receive medical attention, in the absence of visible mark or blood, when officer Birritteri suggested her to do so. (APP. 9 paragraph 4). There was no visible mark or blood on the plaintiff, but the clerk or assistant clerks issued the complaint to Officer Birritteri and an unknown cop of the Revere Police Department. . (APP. 8, 9 paragraph 4, 20, 21).   There could only be one complainant assigned for each complaint, but the Revere Police Department violated rule 3(g) (1), (2) of

4

Mass.R.Civ.P by employing two of its officers to file a criminal complaint against me and to

have me imprisoned unjustly. (APP. 8, 20, 21). The arrest was not based on any warrant, but on

the lies of the Plaintiff and her co-conspirators including her husband Jacob Leiva and the said

witness Hellen Lopez Gomez, who were not present in the apartment during both incidents, and

who have accused me of punching the walls of the apartment and of violently yelling at the

Plaintiff, but the surveillance camera at the entrance of the house and those of the neighbors

recorded all their activities, but the witness provided a false address to the Complainant whose

narrative stated she is a roommate of the Plaintiff. (APP. 9 paragraph 3, 16). 115 Orleans Street,

Boston 02148 is an invalid address and such zip code is only applicable to the city of Malden in

Massachusetts.  And such conspiracy to have me imprisoned was planned, by the Plaintiff, her

co-conspirators, and the complainant Marc Birritteri, so the plaintiff could avoid to be charged of

two counts of child endangerment (inside and outside of the apartment) and a count of domestic

violence pursuant G.L. c. 265 section 13L and assault and battery on a household member; based

on the unsafe condition of the porch, the negligence of placing a bottle of Fabuloso on the

Kitchen counter on September 10, 2020 during the first incident of which I was not arrested

based on my innocence; on having her son Jordan who is 4 years babysitted by her oldest son

who is 12 years whom he followed by running for approximately 300 meters on November 16,

2020 at 7:05 PM after he pushed the door of the apartment which her older sister Jocelyn who is

10 years old tried to stop, and on throwing a punch at me when she asked me questions

concerning the incident about her son Jordan. (APP. 1-7). The Surveillance Camera at the

entrance of the place and those of the neighbors recorded such incident, but the officers, who

came to 170 Winthrop Avenue Apt 2, Revere, Massachusetts failed to include the surveillance

camera situated at the entrance of the house as an important investigative element, but put an

unspecified firearm in the arrest report and application for criminal complaint, which excluded

from the police narrative and the statement of the plaintiff during the arraignment. (APP. 8, 9

paragraph 4, 18, 39 line 22-24). Thus states a police narrative construction:

> Police narrative construction is a formal story-telling process necessary to focus
> investigative strategy and to form the basis of a prosecution case file. The narrative tells
> the story of the crime; what happened and why it happened. For the police the crime
> narrative must achieve a certain end, it must result in a successful prosecution and
> conviction, it must be plausible and believable, it must be supported by the evidence and
> it must convince a jury to convict. The police narrative will also be disseminated via the
> court proceedings, the press and often the wider media as an authoritative and privileged
> account of what happened and why. See police narrative in the link below:
> https://www.bing.com/search?form=ANLKDR&q=policenarrativespringer

Such narrative must not result in successful prosecution and conviction, not only officer

Birritteri put an unspecified firearm in the arrest report and application for criminal complaint in

addition to his racist statement, but he accepted the lies of believing that I punched the walls of

the apartment, as stated the witness Hellen Gomez Lopez, although the arrest report described no

injury. (APP. 8, 9 paragraph 11-14, 10, 16). If I punched the walls, my left wrist, fist, or fingers

would been broken, bruised or swollen, but a clerk magistrate or assistant clerk authorized the

issuance of the complaint to two police officers, which lacked probable cause, without noticing

me in accordance to the procedural due process of the 14th amendment and Title 42 U.S.C.

section 3796gg-4(e). (APP. 8).

The Revere Police department did not only assign officer Birritteri as the complainant in

this case, who failed to sign the complaint under oath before an appropriate judicial officer in

accordance to rule 3(g) (1) of Mass.R.Crim.P, but employed an anonymous person to sign the

complaint on November 17, 2020 in violation of rule 3(g) (1) of Mass.R.Crim.P, and the clerk

office of the Chelsea District Court omitted to enter all the documents on the docket, which copy

of entries I received from a court appointed attorney named Daniel Occena on August 25, 2021, I

filed in person and electronically at cmchelseadc@jud.state.ma.us, after the withdrawal of my

former attorney Michael A. Cioffi, who also ignored the procedural due process of the 14th

amendment in order to dismiss the case although I mentioned such concern to him via electronic

mail. (APP 28, See also Docket Entries).  The clerk office unlawfully issued a default warrant

twice against me, which the chief Justice has removed, and omitted to enter the order of removal

of warrant on July 7, 2021. See Docket Entries. Two branches of the state of Massachusetts'

government including executive and judiciary combined to imprison me, but only Justice

Machera has been fair to me in this case. I even tried amend an application for cross criminal

complaint against the plaintiff, which my former attorney erroneously filed in stating the plaintiff

punched me in mouth, which I have never mentioned to him, but an assistant clerk blocked such

process by pretending that office received it and by placing a blurry stamp on it and on my

appearance as a Prose Defendant, and the statement of facts in support of the application for

criminal complaint. (APP. 28-33). In addition to the omission of my appearance and the

statement of fact, the Chelsea District Court failed to enter my Motion to Dismiss, discovery

compliance certificate and items, affidavit of indigent to cover fee such as transcripts, expert

witness, and summons and so forth on the docket, which I filed electronically at

cmchelseadc@jud. Such omission proved the clerk office's employees' violation of equal

protection of the law, for the fact that they have been prejudice or bias in favor of the

Commonwealth of Massachusetts by denying me equal protection of the laws in omitting to enter

the documents I filed just like that institution. In other word, the Chelsea Clerk Office needed to

treat me as equal the Plaintiff Maria Beatriz Guadardo Leiva, who is a Hispanic woman.  Thus

declares the 14th amendment of the U.S. Constitution section 1:

> All persons born or naturalized in the United States, and subject to the jurisdiction
> thereof, are citizens of the United States and of the State wherein they reside. No state

shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor deny any person of life, liberty, or property, with due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Therefore, this Honorable Court must allow the removal of this criminal case, which the Chelsea Court's Clerk Office's Employees have manipulated in favor of the Commonwealth of Massachusetts.

### III.    The Clerk Representative Avoided to Enter The Amended Statement of Fact in Support of the Application, In Order to Protect the Plaintiff from Getting Arrested.

The clerk representative avoided to enter the amended statement of fact I filed in support of the application for criminal complaint, in order to protect the plaintiff from being arrested, by mentioning what attorney Michael A. Cioffi has done is sufficient, which led a guard who told me you heard what the lady said to you. You're going to be arrested, and by stopping the arrest of the plaintiff, because she is represented by the prosecutor.  Noted the application for criminal complaint states: Warrant is required because the prosecutor represents that accused may not appear unless arrested. (See Application for Criminal Complainant in APP. 8). The magistrate denied my application during the hearing due to that employee's prejudice action that benefited Maria Beatriz Guadardo Leiva. The clerk office's employees of the Chelsea District Court has continued to fail to enter documents such as the order of removal of default warrant, which attorney Daniel Occena has removed on July 7, 2021, but was not entered on the docket. See Docket Entries. Attorney Nicole Gemba did not only charge me based on the lies of the plaintiff, her co-conspirator and the Officer Marc Birritteri, but violated the constitution due process of the 14th amendment by withholding evidence such as hands, and feet etc., as personal weapon and an unspecified firearm. In *Brady v. Maryland, 373 U.S. 83(1963),* this Court held that the government violates the Constitution's due process Clause if it withholds evidence that is favorable to the defense and material to the Defendant's guilt or punishment. Noted that attorney

Gemba did not only fail to physically introduce the unspecified firearm, which the complainant Marc Birritteri declared that I utilized to shove Maria in the shoulder, but she unlawfully charged me by relying on the fictions of Officer Birritteri, because I have never own a firearm in my life nor utilize one.

## CONCLUSION

**WHEREFORE**, I, The Defendant Sony Vilbon, respectfully request, this Honorable Court allow this Notice of Removal based on the violation of 1st, 4th, 5th and 14th amendment, mainly procedural due process, of the U.S. Constitution, on the law enforcement officials, who unlawfully acted under the color law, and who tried to imprison for no valid reasons, the requests of plaintiff and her attorney who has decided to dismiss this case in accordance to his text message.

Respectfully

Pro'se Defendant
Sony Vilbon
74 Prince Street
Pawtucket, Rhode Island 02860
Telephone (774) 240-1273
sonyvilbon@yahoo.com

**DATED: September 13, 2021**

9

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS          DOCKET NO.

SONY VILBON
  Defendant,

          v.

COMMONWEALTH OF MASSACHUSETTS
          Plaintiff

## AFFIDAVIT OF DEFENDANT SONY VILBON

I, the Affiant Sony Vilbon, do depose as follow.

1. On August 25, 2021, I have received a copy of the criminal case docket entries from Attorney

Daniel Occena, of which the clerk office of the Chelsea District Court omitted to enter several

documents and the removal order dated on July 7, 2021, which argued on my behalf, a true and

accurate copy of which is attached in support of the Notice of Removal. Docket Number:

2014CR001388.

I, Defendant Sony Vilbon, certified under the penalties and pains of perjury on the 13th day of
September, 2021 that I have received a copy of the Docket Entries via electronic mail from
Attorney Daniel Occena on August 25, 2021.

_____
Sony Vilbon

## 2014CR001388 Commonwealth vs. Vilbon, Sony

- Case Type:
- Criminal
- Case Status:
- Open
- File Date
- 11/17/2020
- DCM Track:
-
- Initiating Action:
- A&B c265 §13A(a)
- Status Date:
- 07/07/2021
- Case Judge:
-
- Next Event:
- 10/19/2021

| All Information | Party | Charge | Event | Docket | Disposition |

### Party Information

**Vilbon, Sony**
- Defendant

| Alias | **Party Attorney** |
|---|---|
| | • Attorney |
| | • Bisson, Esq., Barry James |
| | • Bar Code |
| | • 687386 |
| | • Address |
| | • Bisson Law |
| | 75 Arlington St |
| | 5th Floor |
| | Boston, MA 02116 |
| | • Phone Number |
| | • (617)338-5900 |
| | • Attorney |
| | • Occena, Esq., Daniel |
| | • Bar Code |
| | • 677333 |
| | • Address |
| | • Occena Law, PC |
| | 90 American Legion Highway |
| | Revere, MA 02151 |
| | • Phone Number |
| | • (781)629-5147 |

**More Party Information**

### Party Charge Information

- **Vilbon, Sony**
- **- Defendant**
  Charge # 1:
  **265/13A/B-1 - Misdemeanor - more than 100 days incarceration**    A&B c265 §13A(a)

- Original Charge
- 265/13M/B-0 A&B ON FAMILY / HOUSEHOLD MEMBER c265 §13M(a)
  (Misdemeanor - more than 100 days incarceration)
- Amended Charge
- 265/13A/B-1 A&B c265 §13A(a) (Misdemeanor - more than 100 days
  incarceration)

- **Vilbon, Sony**
- **- Defendant**
  Charge # 2:
  **265/13A/E-0 - Felony**    A&B, PREGNANT VICTIM c265 §13A(b)

- Original Charge
- 265/13A/E-0 A&B, PREGNANT VICTIM c265 §13A(b) (Felony)

o   Amended Charge
o

## Events

| Date | Session | Location | Type | Result |
|------|---------|----------|------|--------|
| 11/17/2020 08:30 AM | Arraignment Session | | Arraignment | Held - Personal Recog. Release |
| 01/21/2021 11:00 AM | Virtual Court Session | | Pretrial Hearing | Reschedule of Hearing |
| 04/21/2021 11:00 AM | Virtual Court Session | | Pretrial Hearing | Reschedule of Hearing |
| 05/18/2021 11:00 AM | Virtual Court Session | | Hearing to Review Status | Defendant defaulted-FI to Appear |
| 05/19/2021 08:30 AM | Arraignment Session | | Default Removal Hearing | Held - Default Removed - CR |
| 06/07/2021 08:30 AM | Arraignment Session | | Hearing to Review Status | Defendant defaulted-FI to Appear |
| 09/01/2021 11:00 AM | Virtual Court Session | | Pretrial Hearing | Reschedule of Hearing |
| 10/19/2021 11:00 AM | Virtual Court Session | | Discovery Compliance & Jury Election | |

## Docket Information

| Docket Date | Docket Text | Image Avail. |
|-------------|-------------|--------------|
| 11/17/2020 | Complaint issued upon new arrest. | |
| 11/17/2020 | Event Resulted: Arraignment scheduled on:<br>11/17/2020 08:30 AM<br>Has been: Held - Personal Recog. Release<br>Hon. Matthew J Machera, Presiding | |
| 11/17/2020 | Order of pretrial conditions of release under G.L. c. 276 § 58 filed.<br><br>Judge: Machera, Hon. Matthew J | Image |
| 11/17/2020 | Appearance filed<br>On this date Barry James Bisson, Esq. added as Appointed - Indigent Defendant for Defendant Sony Vilbon<br>Appearance filed for the purpose of Bail Only by Judge Hon. Matthew J Machera. | |
| 11/18/2020 | Defendant arraigned before Court, advised of right to counsel.<br>Judge: Machera, Hon. Matthew J | |
| 01/20/2021 | Event Resulted: Pretrial Hearing scheduled on:<br>01/21/2021 11:00 AM<br>Has been: Reschedule of Hearing     For the following reason: On Order of the Court<br>Hon. Matthew J Machera, Presiding | |
| 04/21/2021 | Event Resulted: Pretrial Hearing scheduled on:<br>04/21/2021 11:00 AM<br>Has been: Reschedule of Hearing     For the following reason: On Order of the Court<br>Hon. Matthew J Machera, Presiding | |
| 05/18/2021 | Event Resulted: Hearing to Review Status scheduled on:<br>05/18/2021 11:00 AM<br>Has been: Defendant defaulted-FI to Appear<br>Hon. Cathleen E. Campbell, Presiding | |
| 05/18/2021 | Default Warrant ordered to issue.<br>Judge: Campbell, Hon. Cathleen E. | |
| 05/19/2021 | Warrant recalled:<br>Default Warrant cancelled on 05/19/2021 for Vilbon, Sony | |
| 05/19/2021 | Event Resulted: Default Removal Hearing scheduled on:<br>05/19/2021 08:30 AM<br>Has been: Held - Default Removed - CR<br>Hon. Cathleen E. Campbell, Presiding | |
| 05/19/2021 | Warrant recalled:<br>Judge: Campbell, Hon. Cathleen E. | |
| 05/19/2021 | Appearance filed<br>On this date Barry James Bisson, Esq. added as Appointed - Able to Contribute for Defendant Sony Vilbon<br>Appearance filed for the purpose of Bail Only by Judge Hon. Matthew J Machera. | |

| Docket Date | Docket Text | Image Avail. |
|---|---|---|
| 05/19/2021 | Appearance filed<br>On this date Barry James Bisson, Esq. added as Appointed - Indigent Defendant for Defendant Sony Vilbon<br>Appearance filed  for the purpose of Bail Only by Judge Hon. Matthew J Machera. | |
| 06/07/2021 | Event Resulted:  Hearing to Review Status scheduled on:<br>    06/07/2021 08:30 AM<br>Has been: Defendant defaulted-FI to Appear<br>Hon. Cathleen E. Campbell, Presiding | |
| 06/08/2021 | Default Warrant ordered to issue.<br>Judge: Campbell, Hon. Cathleen E. | |
| 06/11/2021 | Appearance filed<br>On this date Daniel Occena, Esq. added as Appointed - Indigent Defendant for Defendant Sony Vilbon<br>Appearance filed  for the purpose of Case in Chief by Judge Hon. Matthew J Machera. | |
| 06/14/2021 | Appearance filed<br>On this date Daniel Occena, Esq. added as Appointed - Indigent Defendant for Defendant Sony Vilbon<br>Appearance filed  for the purpose of Case in Chief by Judge Hon. Matthew J Machera. | |
| 07/02/2021 | Defendant's motion to reschedule or continue scheduled court hearing filed with the following, if any, supporting documents:<br><br>Judge: Machera, Hon. Matthew J | Image |
| 07/07/2021 | Warrant recalled:<br>Default Warrant cancelled on 07/07/2021 for Vilbon, Sony | |
| 09/01/2021 | Event Resulted:  Pretrial Hearing scheduled on:<br>    09/01/2021 11:00 AM<br>Has been: Reschedule of Hearing      For the following reason: Virtual hearing held<br>Hon. Cathleen E. Campbell, Presiding | |

## Case Disposition

| Disposition | Date |
|---|---|
| Pending | 11/18/2020 |