UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS<br><br>v.<br><br>SONY VILBON,<br>          Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)   21-11510-IT<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**
**November 8, 2021**

**TALWANI, D.J.**

For the reasons set forth below, the court remands this action under 28 U.S.C. § 1447(c) to the Chelsea District Court.

    **I.**    **Background**

On September 14, 2021, Sony Vilbon ("Vilbon") filed a self-prepared Notice of Removal [#1] seeking to remove *Commonwealth v Vilbon*, No. 2014CR001388, a criminal action, from Chelsea District Court to this federal court. With the Notice of Removal, Vilbon included a copy of the Docket Sheet [#1-2].[1] On October 1, 2021, Vilbon submitted 50 pages of documents, including a Revere police report concerning Vilbon's arrest, which the clerk entered on the docket as the State Court Record [#3].

Vilbon's Notice of Removal consists primarily of a recounting of events surrounding his arrest, as well as alleged irregularities in the proceedings before the Chelsea District Court.

---

[1] Vilbon also submitted a $350.00 check. The amount did not cover the full $402.00 due upon the filing of a non-habeas civil action, see 28 U.S.C. § 1914(a) ($350.00 filing fee for non-habeas civil actions); Judicial Conference Fee Schedule ($52.00 administrative fee), and the clerk returned the check to him.

Vilbon states that he "a black man" and that he seeks removal "on the grounds the deprivation of rights under color of law exits between the Plaintiff Commonwealth of Massachusetts and [Vilbon]" and that jurisdiction "is proper pursuant to Title 18, U.S.C., Section 242, 28 U.S.C. section 1455(b)(1) and Title 42 USC section 1983[.]" Notice of Removal, p. 2. Vilbon seeks removal "based on the violation of 1st, 4th, 5th and 14th amendment, mainly procedural due process, of the U.S. Constitution, on the law enforcement officials, who unlawfully acted under the color [of state] law, and who tried to imprison for no valid reasons, the requests of [the complainant]and her attorney who has decided to dismiss this case in accordance to his text message." *Id*. at p. 9. The Notice of Removal identifies the following 3 grounds for removal: "I. The United States, pursuant to deprivation of rights under color of law, has Original Jurisdiction in this Matter," "II. Removal of This Action is Proper on The Grounds The Chelsea District Court was Not Impartially in Issuing two Complaints to Two Police Officers And in Omitting to Enter on The Docket of the Case The Documents, Which [Vilbon] Filed Electronically," and "III. The Clerk Representative Avoided to Enter The Amended Statement of Fact in Support of the Application, In Order to Protect the Plaintiff from Getting Arrested."

## II.     Standard of Review

A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Because removal to federal court deprives the state court of jurisdiction, "removal statutes are to be narrowly construed." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 76 (1st Cir. 2009) (citing *Shamrock Oil & Gas Corp.*, 313 at 108-109). The substantive grounds for removal of criminal cases are limited, as set forth in 28 U.S.C. §§ 1442 (allowing removal of actions against federal officers and agencies for acts done under color of law), 1442a (allowing removal of

Case 1:21-cv-11510-IT   Document 4   Filed 11/08/21   Page 3 of 5


actions against members of the armed forces for acts done under color of their office), 1443(1) (allowing removal of actions where a person "is denied or cannot enforce in the [state] court ... a right under any law providing for [his] equal civil rights") and 1443(2) (allowing removal of actions for "any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law").

A notice of removal of a state criminal prosecution must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3). If it clearly appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. 1455(4).

Because Vilbon is proceeding *pro se*, the court construes his filings liberally. *See Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). The court has examined the Notice of Removal and, for the reasons stated below, enters an order summarily remanding to the state court.

**III.   Discussion**

As an initial matter, the removal is untimely because it was not filed within 30 days after Vilbon's arraignment in the Chelsea District Court. According to the State Court Record [#3], Vilbon was arraigned on November 17, 2020. *Id.* at p. 23. To be timely, Vilbon would have had to have filed the Notice of Removal no later than December 17, 2020. Instead, the Notice of

Removal [#1] was not filed until September 14, 2021. Further, Vilbon has not alleged any ground showing good cause for an order granting him "leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

Even if Vilbon's Notice of Removal [#1] was timely under Section 1455 or he had shown good cause for his failure to file within that time, he has not met any of the substantive grounds for removal. Here, Sections 1442(a) and 1442a are inapplicable because Vilbon is not alleged to be a federal officer or a member of the armed forces. 28 U.S.C. §§ 1442(a), 1442a. Section 1443(2) is also inapplicable because this section "confers a privilege of removal only upon federal offers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal rights." *In re Whatley*, 396 F. Supp. 2d at 54 (citing *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966)).

To the extent Vilbon contends that removal is proper because his constitutional rights have been violated, he has not met the requirements for removal under Section 1443(1). To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). Here, while Vilbon contends that the arrest was racially motivated and based on false allegations, Vilbon he does not allege that the state court has demonstrated racial bias against him in the underlying proceedings or other facts to support a claim that he is unable to enforce his civil rights in the state court criminal proceedings.

**IV.    Order**

Based upon the foregoing, it is it is hereby ORDERED that:

1. The court remands this action under 28 U.S.C. § 1447(c) to the Chelsea District Court;

2. The Clerk is directed to mail a copy of this order to Vilbon and to the Chelsea District Court; and

3. The Clerk shall enter a separate Order of Dismissal.

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated:  November 8, 2021